GEORGE W. DILLINGHAM, in equity, *vs.* TOBIAS L. ROBERTS.

Hancock.    Opinion April 16, 1885.

*Equity.    Practice..    Waters.*

The plaintiff in a bill of complaint, prayed for an injunction to restrain the defendant from constructing his wharf on the ground, that if constructed as proposed, it will lie directly in front of the plaintiff's lot, and materially obstruct the access to it by water. These alleged facts being denied in the answer. *Held*, the burden is on the plaintiff to prove them.

ON REPORT.

Bill in equity to restrain the defendant from building a certain wharf at Bar Harbor, on the ground that it will lie directly in front of the plaintiff's land and materially obstruct the access to it by water.

Tobias Lord formerly owned the land now owned by each of the parties to this suit. He conveyed the defendant's lot December 27, 1869, by deed containing the following description : "A certain lot or parcel of land situated in Eden aforesaid, and bounded and described as follows, to wit : Commencing at a birch tree seventy feet south of the steamboat wharf; thence south fifty-one degrees west, to the northeast corner of the Martin house, one hundred and sixty feet; thence south, nine

degrees west, to a stake, forty feet; thence north eighty-eight degrees east, one hundred and twenty-seven feet at two birch trees; thence north, forty-four degrees east, seventy feet to a birch tree on the bank; thence following the shore to the point of beginning — including all the privilege of the shore to low water mark, containing one-half of an acre more or less."

He conveyed the plaintiff's lot by deed dated August 14, 1875, and containing the following description: " A certain lot of land, situate in said Eden, at Bar Harbor village, so called, and bounded as follows, viz: Southerly by land of Stephen Higgins; northerly by the sea or ocean; easterly by land this day conveyed by me to Alfred Veazie; and westerly by a line running parallel with said Veazie's westerly line, and ninety feet westerly therefrom, which last named line is a straight line running from a point ninety feet westerly of said Veazie's southwest corner, in the line of said Higgins' lot; thence northerly parallel with said Veazie land and ninety feet distant therefrom, without any angle or diversion, to and across the flats or shore to low water mark of the sea, together with right of way to said premises from the road, along the present travelled path, the same as now used, for all purposes, this deed being subject to the same right of way across the premises aforesaid."

The plan referred to in the opinion is given on the page following this.

*H. E. Hamlin,* for the plaintiff.

*A. P. Wiswell* and *L. B. Deasy,* for the defendant.

LIBBEY, J. Assuming that, if the defendant is constructing his wharf below low water in front of the plaintiff's lot in a manner to obstruct or impair access to his lot by water, the plaintiff may maintain his bill in equity for the injunction prayed for, (but on this point we express no opinion) still, the facts being in issue it is incumbent upon the plaintiff to prove them. The plaintiff alleges in his bill, that all of the wharf below low water mark, if completed, would lay directly in front of his lot. The defendant, in his answer, denies this allegation. The burden is on the plaintiff to prove it.

The only evidence in the case is the deeds to the parties, and the plan, which are made a part of the case.

The construction of the defendant's deed was before this court in *Dillingham* v. *Roberts*, 75 Maine, 469, and it was held that it embraced the flats in front of the upland, extending the land conveyed to low water mark. The lines across the flats must be located by the rules laid down in *Emerson* v. *Taylor*, 9 Maine, 42. The plaintiff's deed, by its terms, extends his west line, without an angle, to low water mark, but the defendant's deed was prior to the plaintiff's, and when the plaintiff's line called for by his deed strikes the defendant's line on the flats it must stop; and from that point to low water, his line is co-incident with the defendant's.

Applying these rules to the plan, we are not satisfied that any portion of the wharf can be said to be in front of the plaintiff's land. The location of the lines across the flats cannot be determined by the plan with accuracy, but may be approximately, and thus determined, if the defendant's line across the flats should be extended below low water as far as the wharf extends, it does not appear that any material portion of the wharf will extend over that line.

Nor does it appear, by any evidence in the case, that the wharf will materially affect the access by water to the plaintiff's land.

The decree must be,

*Bill dismissed without prejudice.*
*Costs for defendant.*

PETERS, C. J., WALTON, VIRGIN and HASKELL, JJ., concurred.

EMERY, J., did not sit.